MARYAM KARAMI,
    Plaintiff,

v.

ALEJANDRO MAYORKAS, et al.,
    Defendant.

Case No. 3:24-cv-00917

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

## **REPORT AND RECOMMENDATION**

On July 29, 2024, Plaintiff, Maryam Karami, filed her complaint seeking a Writ of Mandamus compelling the U.S. Citizenship and Immigration Services, the Federal Bureau of Investigation, and other Defendants to complete the adjudication of her N-400 Application for Naturalization (Doc. No. 1). Summons then issued to the named Defendants on July 31, 2024 (Doc. No. 12).[1] Because none of the summons had been returned indicating whether any Defendant had been served, in accordance with Rule 4(m) of the Federal Rules of Civil Procedure, and no further action had been taken by Plaintiff to move this case forward since July 2024, the Court ordered Plaintiff to show cause before June 1, 2026 why this case should not be dismissed for failure to prosecute (Doc. No. 16). To date, Plaintiff has not responded to the Show Cause Order or taken any other action to move this litigation forward.[2]

---

[1]    Summons reissued for Defendant Alejandro Mayorkas on August 1, 2024 (Doc. No. 14).

[2]    This case was referred to the Magistrate Judge on August 1, 2024 pursuant to 28 U.S.C. § 636(b)(1)(A) (Doc. No. 15). The Court now addresses Plaintiff's failure to prosecute through this Report and Recommendation as part of its case management because (i) there is no substantive prejudice to Plaintiff given her opportunity to file objections and (ii) Plaintiff has been specifically warned of the consequences of failure to respond to the Show Cause Order (Doc. No. 16).

Rule 41(b) allows for dismissal of a case for failure to prosecute, and "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted). Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. That is, because Plaintiff has not responded to the Show Cause Order (Doc. No. 16) or otherwise moved the case forward in the past two years, dismissal for failure to prosecute is an appropriate remedy.

### **RECOMMENDATION**

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this

Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of June, 2026.

It is so ORDERED.

                                 _____

LUKE A. EVANS
United States Magistrate Judge

Case 3:24-cv-00917    Document 17    Filed 06/25/26    Page 3 of 3 PageID #: 61